# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SAPPHIRE CONSULTING SERVICES
LLC,

        Plaintiff,

v.                                                            Case No:   6:20-cv-1724-CEM-LHP

MARK ANDERSON, TRADE
GUARDIAN INC., BAD CREDIT GO,
LLC and CONSUMER CONSULTING
GROUP, LLC,

        Defendants

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court upon a *sua sponte* review of the docket. Plaintiff Sapphire Consulting Services LLC ("Plaintiff") commenced this action on September 21, 2020 against Defendants, Mark Anderson, Trade Guardian Inc., Bad Credit Go, LLC, and Consumer Consulting Group, LLC.   Doc. No. 1.   Plaintiff has asserted numerous claims against Defendants, including violations of the Computer Fraud and Abuse Act ("CFAA"), the Florida Computer Abuse and Data Recovery Act ("CADRA"), the Florida Uniform Trade Secrets Act ("FUTSA"), the Defend Trade Secrets Act, 18 U.S.C. §§ 1831, *et seq.* ("DTSA") (Counts I-IV); Tortious

Interference with Sapphire's Business Relationships (Count V); false advertising claims under the Lanham Act (Count VI); Common Law Unfair Competition (Count VII); violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA") (Count VIII-IX); and claims for Misleading Advertising under Fla. Stat. § 817.41 and for Unjust Enrichment (Counts X-XI).  *Id*.

Litigation proceeded in the normal course, with discovery closing on January 28, 2022, a dispositive motions deadline of March 1, 2022, and jury trial currently scheduled for the term commencing August 1, 2022.  Doc. No. 31, at 1-2.  On May 25, 2022, Plaintiff's counsel, Matthew Fornaro, Esq., filed a Motion for Leave to Withdraw as Counsel.  Doc. No. 58.  The Court denied the motion without prejudice for failure to comply with Local Rule 2.02(c)(3), because, in light of the fast-approaching trial calendar, counsel did not establish that his withdrawal presented a "compelling ethical problem, emergency, disability, or death."  Doc. No. 59.

Plaintiff filed an Amended Motion for Leave to Withdraw as Counsel later that same day, which corrected the previously identified deficiencies.  Doc. No. 60.  The undersigned granted the amended motion to withdraw on June 7, 2022.  Doc. No. 61.  In that Order, the undersigned explained that with Attorney Fornaro's withdrawal, Plaintiff would no longer be represented, and because Plaintiff is a limited liability company, Plaintiff cannot proceed in this case without counsel.

*Id.*, at 2; *see also* Local Rule 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only."). As such, the undersigned provided Plaintiff twenty-one (21) days to retain substitute counsel and have substitute counsel appear in this case. *Id.* The undersigned also issued the following warning: "**The deadline to retain substitute counsel will not be extended absent truly exigent circumstances**. Therefore, if substitute counsel does not appear on Plaintiff's behalf within the 21-day period, the undersigned will recommend this case be dismissed for failure to prosecute." *Id.* (emphasis in original); *see also id.*, at 3 ("**Within twenty-one (21) days of the date of this Order**, Plaintiff shall cause new counsel of record to file a notice of appearance on its behalf. **Failure to abide by this Order will result in the undersigned recommending this case be dismissed for failure to prosecute**.") (emphasis in original).[1]

The deadline for Plaintiff to act has now expired, and Plaintiff has not notified the Court that it has retained new counsel, nor has any substitute counsel filed a notice of appearance in this case. Plaintiff also has not requested or obtained an extension of this deadline.

---

[1] The Clerk of Court was directed to mail a copy of the Order granting the Amended Motion for Leave to Withdraw as Counsel. Doc. No. 61, at 4. Upon entry of that Order, on June 8, 2022, the Clerk of Court mailed the Order to Plaintiff at the address provided by Attorney Fornaro: Anthony Labrada, 1516 E. Colonial St., Orlando, Florida 32803. *See* Doc. No. 60, at 4. There is no indication on the docket that the Order was returned as undeliverable.

Given Plaintiff's failure to comply with the undersigned's Orders and directives, and in accordance with Local Rule 2.02(b)(2), I hereby **RESPECTFULLY RECOMMED** that the Court **DISMISS** the case without prejudice, and thereafter, **DIRECT** the Clerk of Court to close the file. *See also* Fed. R. Civ. P. 16(f)(1)(C).

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 1, 2022.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy